C-13-7a
(Rev. 8/01)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

In Re:                                                    ORDER CONFIRMING PLAN
BALDWIN, BELINDA GRAY         ENTERED                     CHAPTER 13
SS#   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
                              JUL 17 2003                 No. 03-11107   C-13

              Debtor.         U.S. BANKRUPTCY COURT
                                   MDNC - TRI

This case came before the Court on July 17, 2003, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and

IT APPEARING to the Court as follows:

A.   The Trustee in this case is Anita Jo Kinlaw Troxler, 500 West Friendly Avenue, Suite 200, PO Box 1720, Greensboro, NC 27402-1720;

B.   The attorney for the Debtor is Steven H. Messick;

C.   Under the final plan proposed by the Debtor:

    1.   The Debtor is to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the plan and this confirmation order;

    2.   The monthly plan payment to the Trustee is $935.00 beginning April 28, 2003;

    3.   Any timely filed priority claims from the following creditors will be paid in full in deferred payments:

    4.   The treatment for secured creditors and additional provisions of the plan are as follows:

    *AMERICREDIT               $75.00 inc. to           $3,310.00
    (1997 Ford:  3-2-00)       $115.00 6-04             +11% APR

    *The above claim is partially secured and partially unsecured and the 1997 Ford is valued as set out above. The balance of the claim is unsecured. Should AMERICREDIT object to the valuation, AMERICREDIT must file written objection to the valuation with the Court and the Trustee not later than 60 days from the date of confirmation. Upon timely filing of an objection, a hearing on valuation shall be scheduled. Should no timely objection to valuation be filed, the value of the 1997 Ford is found to be as indicated above.

    The §362 stay is hereby modified as to FINANCE AMERICA CORP., and the Kirby vacuum with the Kirby vacuum released to FINANCE AMERICA CORP., for liquidation. FINANCE AMERICA CORP., is allowed 120 days from entry of the order confirming the plan to either liquidate the Kirby vacuum and file a documented deficiency claim or terminate the lien against the Kirby vacuum and forward notice of termination and request to participate as an unsecured general claimant to the Chapter 13 office. Failure of FINANCE AMERICA CORP., to either liquidate the Kirby vacuum and file a documented deficiency claim within said time or to terminate the lien against the Kirby vacuum and forward notice of the termination and written statement to participate as an unsecured general claimant within the required time shall result in the release of the Kirby vacuum being in full satisfaction of the debtor's liability under the contract.

US BANK, NA, in care of OCWEN FEDERAL BANK, FSB, has filed a claim in the amount of $84,899.44. The claim fails to provide evidence of a recorded deed of trust with legible evidence of recordation date. The claim is found to be an unsecured general claim. US BANK, NA, should amend the claim on record not later than August 15, 2003, to provide evidence of the recorded deed of trust against the debtor's real property. Upon documentation of a non-preferential perfected lien against the debtor's real property, the claim shall be allowed as a secured claim and the regular monthly payment and arrearage shall be paid through the disbursements by the Trustee with the debtor resuming direct payments upon completion of plan payments. A regular monthly payment shall be disbursed on the continuing long term debt effective with the payment for May 2003 forward. The arrearage on the account through April 2003 shall be paid with no interest at the rate of $40.00 per month, increasing to $60.00 per month in June 2004, increasing to all funds available in June 2005. US BANK, NA, has filed an arrearage claim through March 2003 of $2,927.66, which shall be increased by the April payment for arrearage of $3,535.19. US BANK, NA, should amend the claim on record for arrearage not later than August 15, 2003, if the figure indicated herein is incorrect for arrearage through April 2003.

5. The Debtor will pay THE GREATER OF the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, and 25% to allowed unsecured general claims OR 54 monthly plan payments with the plan to be reviewed periodically for plan payment adjustments;

6. Payments to priority, secured and specially classified creditors will be prorated according to the balance of their claims except where a specific monthly payment is indicated herein;

7. There will be no separate payment on arrearage claims unless indicated herein;

8. The Debtor will be responsible for payment of continuing long term nondischargeable debts after completion of plan payments;

9. The estimated return to unsecured creditors is 25%; and

IT FURTHER APPEARING to the Court that (a) the plan complies with the provisions of Chapter 13, and with other applicable provisions of Title 11 of the United States Code; (b) any fee, charge, or amount required under Chapter 123 of Title 28 of the United States Code, or by the plan, to be paid before confirmation has been paid; (c) the plan has been proposed in good faith and not by any means forbidden by law; (d) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under Chapter 7 on such date; (e) with respect to each allowed claim provided for by the plan: (i) the holder of such claim has accepted the plan; or (ii) the plan provides that the holder of such claim retain the lien securing such claim and the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim or (iii) the Debtor surrenders the property securing such claim to such holder; (f) to the extent that the plan calls for payments for a period longer than three years, good cause has been shown for the longer plan period; and (g) the Debtor will be able to make all payments under the plan and to comply with the plan, and that the plan should be confirmed in accordance with the terms and conditions of this order; therefore, it is

BELINDA GRAY BALDWIN
B-03-11107
O/C Page 3

ORDERED as follows:

1. The plan is confirmed.

2. The Trustee shall collect and disburse the plan payments in accordance with the plan and this confirmation order as soon as practicable.

3. The plan payments shall continue as provided in the plan and this order until voluntarily increased by the Debtor or until further orders are entered affecting the plan or the payments.

4. The attorney for the Debtor is allowed a fee in the amount of $1,300.00 to be paid by the Trustee at the rate of $100.00 per month unless otherwise ordered by the Court.

5. The Trustee shall receive from plan payments such expenses and compensation as provided under the Bankruptcy Code and orders of this Court.

6. The Debtor shall not incur any indebtedness without the approval of the Trustee or this Court. All credit cards shall be canceled and surrendered immediately.

7. The Debtor shall not transfer any interest in property without the prior approval of this Court.

8. The Debtor shall maintain collision insurance on any vehicle on which there is a lien. If insurance is not maintained, the Debtor is ordered to store the vehicle as directed by the Trustee.

9. The employer of the Debtor shall deduct and remit funds from the wages, salary or commissions of the Debtor as directed by the Trustee.

10. Providing for a claim under this plan does not bar objections to the claim.

11. Notwithstanding any provision of the plan to the contrary, all property of the estate, as specified by 11 U.S.C. §§541 and 1306, shall continue to be property of the estate following confirmation.

12. The property serving as collateral for secured claims is valued at the amounts allowed herein with the exception of fully secured claims for which the value is deemed to be equal to or greater than the allowed secured claim. The property serving as collateral for secured claims is required by the Debtor for successful completion of the plan.

13. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien.

14. Any continuing long term debt claimant being paid through disbursements by the Trustee is required to report any change in the monthly payment amount to the Trustee within 30 days from the effective date of the change. Any continuing long term debt claimant being paid directly by the Debtor is required to report any change in the monthly payment amount to the Debtor within 30 days from the effective date of the change.

BELINDA GRAY BALDWIN
B-03-11107
O/C Page 4

    15. All insurance and warranty coverage on unsecured general claims is canceled and the claim must reflect cancellation and rebate to the account unless provided otherwise herein.

    16. The Internal Revenue Service and the North Carolina Department of Revenue are authorized to offset any refund due the Debtor against any allowed secured or priority claim and to issue refunds directly to the Debtor unless otherwise ordered by this Court or instructed by the Trustee.

    17. All creditors during the pendency of this case are restrained from commencing or continuing any civil action or attempting in any manner whatsoever to collect all or any part of a consumer debt proposed to be paid under this plan from any individual that is liable on such debt with the Debtor as endorser, guarantor or co-maker unless further ordered by the Court.

    18. The Trustee is authorized to record on the public records such documents as the Trustee may deem advisable for the purpose of giving all persons notice of this case.

William L. Stocks

———————————————
U.S. BANKRUPTCY JUDGE

BELINDA GRAY BALDWIN
B-03-11107
O/C Page 5

## CERTIFICATE OF MAILING

This is to certify that the Deputy Clerk whose signature appears below mailed a copy of this Order of Confirmation by first class mail, postage prepaid, to the following parties at their respective addresses:

Standing Trustee

Date: JUL 17 2003

TABITHA R. INGRAM JRd
Deputy Clerk